UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL J. KNEITEL,

                Plaintiff,

-against-

THE CITY OF NEW YORK et al.,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**15-CV-6942 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Michael J. Kneitel, proceeding pro se, brings this action against Defendants the City of New York (the "City"); Mark Ryvkin; Kings County District Attorney's Office employees Courtney Hogg, Krysten Tendy, and Emily Sperling; and various members of the New York City Police Department ("NYPD").[1] (Am. Compl. (Dkt. 32).) Plaintiff alleges that Defendants violated his civil rights in connection with a dispute between Plaintiff and Ryvkin, his then-neighbor. (Id. at 5-8.) While Plaintiff initially asserted claims only against the City, Ryvkin, and the members of the NYPD (Compl. (Dkt. 1)), he subsequently filed an amended complaint (the "Amended Complaint") containing claims against Sperling and others (Am. Compl.).

Currently before the court is the City's unopposed motion seeking sua sponte dismissal of all claims against Sperling, pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").

---

[1] Specifically, Plaintiff brings claims against Detective William Greer, Detective Ali Salah, Sergeant Eric Dargenio, Sergeant William Barbieri, Sergeant Alan Solomon, Lieutenant Vincent Molinini, Officer David Yan, Lieutenant Robert Delaney, Deputy Inspector Michael Dedo, and an unspecified number of John and Jane Doe police officers. (Am. Compl. at 3-5.) Attorneys for the City subsequently identified Detective Joseph Solomon and Officer Colin Miskowitz as two of the unknown officers (Defs. Oct. 14, 2016, Ltr. (Dkt. 8) at 1-2; Defs. Mar., 6, 2017, Ltr. (Dkt. 41) at 1) and corrected Detective Ali Salah's name to Detective Salah Ali (Defs. Jan 6, 2017, Ltr. (Dkt. 29) at 1).

1

(Mot. to Dismiss ("Mot.") (Dkt. 74).) For the reasons that follow, the court GRANTS the Motion and DISMISSES all claims against Sperling.

I. BACKGROUND

A. Factual Allegations

The following facts are drawn from the Amended Complaint and are presumed to be true for the purposes of this motion.

The claims at bar arise from a series of disputes between Plaintiff and Ryvkin, his neighbor at the time. Plaintiff states that Ryvkin unsuccessfully brought a civil lawsuit against Plaintiff and that, when that lawsuit was dismissed, Ryvkin retaliated against Plaintiff by harassing him in his home in January 2013. (Am. Compl. at 6.) Plaintiff avers that he contacted his landlord and the police in an attempt to have Ryvkin evicted from the apartment complex. (Id.) Five days after making this report, Plaintiff was brought from his residence to a police station by Defendant William Greer and another unnamed individual for questioning concerning allegations that Plaintiff assaulted Ryvkin. (Id.). Plaintiff asserts that he denied those allegations and informed Greer that the complaint was part of Ryvkin's effort to retaliate against Plaintiff. (Id.)

Following this questioning, Greer allegedly handcuffed and arrested Plaintiff and confiscated his belongings. (Id.) Plaintiff claims that he was placed into an "unsanitary" holding cage without food or water for several hours. (Id.) Thereafter, Plaintiff was again handcuffed and transported to "Central Booking." (Id.) Plaintiff states that this second handcuffing caused him extreme pain but that, despite informing the attending police officers of his discomfort, his restraints were not removed. (Id. at 6-7.)

2

The charges against Plaintiff were forwarded to the District Attorney's Office for Kings County, New York, where they were "screened" by Sperling, who Plaintiff describes as an "Assistant District Attorney Screener" (id. at 4), and sent to Hogg and Tandy (id. at 7). Plaintiff contends that, "[w]ithout a shred of physical evidence that a crime had actually been committed," the district attorney's office charged Plaintiff with unspecified crimes, after which he was arraigned and released on his own recognizance, subject to a temporary protective order limiting his contact with Ryvkin. (Id.)

In April 2013, NYPD officers again came to Plaintiff's residence and stated that Ryvkin had accused Plaintiff of "violat[ing] [the temporary protective order] by chasing [] Ryvkin on foot around the block." (Id.) Plaintiff denied the accusations, and the officers departed from Plaintiff's residence without taking any further action. (Id.)

In July 2013, Defendant Salah Ali, an NYPD detective, arrested Plaintiff at his workplace based on a complaint by Ryvkin alleging that Plaintiff had verbally threatened him over the phone. (Id.) Plaintiff alleges that Sperling again screened the complaint against him and forwarded it to Hogg and Tandy for "further investigation." (Id.) After arraignment on this second complaint, Plaintiff alleges that the court entered a more expansive protective order against him. (Id.)

Plaintiff represents that criminal proceedings against him continued until November 2014, at which point the charges against him were dismissed. (Id. at 8.)

**B. Procedural History**

Plaintiff filed his complaint on December 4, 2015, and subsequently amended the complaint on January 13, 2017, to include additional defendants, including Sperling. (Compl. (Dkt. 1); Am. Compl.) Based on the foregoing allegations, Plaintiff brings claims under 42

3

U.S.C. Section 1983 for false arrest and imprisonment, unlawful search and seizure of Plaintiff's person and possessions, malicious prosecution, abuse of process, conspiracy to violate Plaintiff's constitutional rights, and failure to supervise as to the alleged constitutional violations. (Am. Compl. at 8-13.) Plaintiff also brings state-law claims for negligence, battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Id. at 15-18.)

On February 1, 2017, the City wrote to Magistrate Judge Lois Bloom and requested that Judge Bloom recommend that this court dismiss all claims against Sperling sua sponte. (City's Feb. 1, 2017, Ltr. (Dkt. 36).) The City asserted that, during the relevant period, Sperling served as a student intern with the District Attorney's Office and that her "involvement in this matter was negligible, at best." (Id.) The court denied the request to dismiss the claims sua sponte at that time, and the City subsequently moved to dismiss all claims against Sperling on April 7, 2017. (Def. May 24, 2017, Ltr. (Dkt. 75).) Plaintiff failed to respond to the Motion and, on May 24, 2017, the City filed the fully briefed motion and requested that the court treat the Motion as unopposed. (Id.) The court issued an order requiring Plaintiff to show cause why the Motion should not be treated as unopposed and the relief requested therein should not be granted in its entirety (the "Order"). (Order to Show Cause ("OTSC") (Dkt. 87).) The Order was docketed and sent to Plaintiff via first-class mail, return receipt requested. Plaintiff has not responded to the order, and so the court deems the Motion to be unopposed.

## II. DISCUSSION

While the City moves to dismiss the claims against Sperling, counsel for the City explicitly states that it "does not yet represent" Sperling. (Mem. in Supp. of Mot. ("Mem.") (Dkt. 74-1) at 1 n.1.) Instead, the City renews its motion for the court to dismiss claims against Sperling sua sponte and presents the accompanying memorandum in support of dismissal. (Id.)

4

After review of the complaint and the Motion, the court finds that Sperling is clearly entitled to absolute immunity for the allegations against her.

### A. Legal Standard

#### 1. *Motions to Dismiss for Failure to State a Claim*

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 112-13 (2d Cir. 2007). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Even where a claim is otherwise plausible, a defendant may move to dismiss based on an available affirmative defense, and the court may grant the motion on that basis "if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). While, as discussed at greater length below, a defendant's entitlement to absolute immunity "depends on the nature of the function being performed by the defendant official who is alleged to have engaged in the challenged conduct," dismissal of claims on that basis may still

be warranted where "the nature of that function is [] clear from the face of the complaint." Shmueli v. City of N.Y., 424 F.3d 231, 236 (2d Cir. 2005) (citations omitted).

The fact that a party fails to oppose a motion to dismiss is insufficient, standing alone, to justify dismissing the complaint or any of the claims therein. See McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.")

2. *Sua Sponte Dismissal*

In weighing the merits of a pro se pleading, the court is required to construe the complaint "liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). This liberal pleading standard does not, however, relieve pro se parties of their obligation to "plead facts sufficient to state a claim to relief that is plausible on its face." Teichmann v. New York, 769 F.3d 821, 825 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).

"Ordinarily, sua sponte dismissal of a pro se plaintiff's complaint prior to service being effectuated on the defendant[] is disfavored." Rolle v. Berkowitz, No. 03-CV-7120, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004). However, where a court concludes that a complaint or any claims therein are frivolous, it may dismiss those claims, even where the pro se party has paid the required filing fee. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); see also MacKinnon v. City of N.Y./Human Res. Admin., 580 F. App'x 44, 45 (2d Cir. 2014) (summary order) ("A district court has the inherent authority to dismiss an action that lacks an arguable basis in either law or fact . . . , regardless of whether the plaintiff has paid the filing fee." (internal quotation marks and citation omitted)). "A complaint

will be dismissed as frivolous when it is clear that the defendants are immune from suit."
Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (internal quotation marks and citation omitted)

### B. Sperling's Entitlement to Absolute Immunity

Defendants contend that, accepting as true the well-pleaded allegations in the Complaint, Sperling is entitled to prosecutorial immunity,[2] as all of her alleged actions with respect to Plaintiff's case were "intimately associated with the judicial phase of the criminal process." (Def. Mem. at 6 (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976))). The court agrees, and concludes that the claims against her must be dismissed accordingly.

#### 1. Absolute Immunity

"Prosecutors[3] are generally immune from liability under 42 U.S.C. § 1983 for conduct in furtherance of prosecutorial functions that are intimately associated with initiating or presenting the State's case." Flagler v. Trainor, 663 F.3d 543, 546 (2d Cir. 2011). "Prosecutorial immunity from Section 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) (internal quotation marks, alterations, and citations omitted). Prosecutors are only shielded by absolute immunity for actions taken in their roles as

---

[2] Defendants also contend that the claims against Sperling are barred by the applicable statute of limitations. (Mem. at 8-10.) The court does not reach this question, as it concludes that the claims against Sperling may be resolved on the grounds that she is entitled to absolute immunity.

[3] It is not entirely clear from the Complaint whether Plaintiff intends to identify Sperling as an assistant district attorney herself or simply as an employee of the office, as he identifies her as an "Assistant District Attorney Screener." (Am. Compl. at 4.) While the court assumes that Plaintiff intended by this description to identify Sperling as a prosecutor, it notes that identifying her as a non-prosecutor employee of the District Attorney's Office would not change its analysis, as absolute prosecutorial immunity attaches to both prosecutors and others in prosecutorial offices who assist in performing the "traditional function of prosecutors." See Martin v. Cty. of Suffolk, No. 13-CV-2104 (JFB) (WDW), 2014 WL 1232906, at *4 (E.D.N.Y. Mar. 26, 2014) (quoting Safouane v. Fleck, 226 F. App'x 753, 762 (9th Cir. 2007) (unpublished)); see also Simon v. City of N.Y., 727 F.3d 167, 171-72 (2d Cir. 2013) ("Absolute immunity also extends to persons who 'act under [a prosecutor's] direction in performing functions closely tied to the judicial process.'" (quoting Hill v. City of N.Y., 45 F.3d 653, 660 (2d Cir. 1995)).

advocates, and "[i]mmunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings." Hill v. City of N.Y., 45 F.3d 653, 661 (2d Cir. 1995). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question . . . ." Simon v. City of N.Y., 727 F.3d 167, 172 (2d Cir. 2013).

While the question of a prosecutor's entitlement to absolute immunity is thus based on a "functional test," the Second Circuit has established certain activities that fall within prosecutors' advocative role. "[I]nvestigative acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution . . . are shielded by absolute immunity when done by prosecutors." Giraldo, 694 F.3d at 166. Similarly, "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas" all fall within the coverage of absolute immunity. Simon, 727 F.3d at 171. "[O]nce a court determines that a prosecutor was acting as an advocate, '[the prosecutor's] motivation in performing such advocative functions as deciding to prosecute is irrelevant to the applicability of prosecutorial immunity.'" Conte v. Cty. of Nassau, No. 06-CV-4746 (JFB) (ETB), 2008 WL 905879, at *23 (E.D.N.Y. Mar. 31, 2008) (quoting Shmueli, 424 F.3d at 237).

2. Application

Viewing the allegations in the light most favorable to Plaintiff, the court concludes that Sperling is clearly entitled to absolute prosecutorial immunity. Plaintiff's allegations against Sperling—that she "screened" the complaint against Plaintiff and, acting with others in the district attorney's office, initiated a prosecution against him without probable cause (Compl. at 7, 13-14)—relate solely to her role in deciding to bring charges against Plaintiff. Such

8

allegations fall squarely into the clearly established coverage of prosecutorial immunity. See, e.g., Simon, 727 F.3d at 171 (holding that prosecutors are entitled to absolute immunity for "functions includ[ing] deciding whether to bring charges"). There is no allegation that Sperling's activities with respect to Plaintiff extended beyond this core prosecutorial function. Accordingly, as it is clear from the face of the Complaint that Sperling is entitled to absolute immunity for the allegations against her, the court concludes that the claims against her are frivolous and dismisses them sua sponte. See Allah v. City of N.Y., Nos. 15-CV-6852 (CBA) (LB), 16-CV-333 (CBA) (LB), 2016 WL 676394, at *4 (E.D.N.Y. Feb. 17, 2016) (dismissing claims sua sponte based on determination that "all of plaintiffs' allegations . . . involve conduct within the scope of [the defendant's] prosecutorial function").

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for sua sponte dismissal of claims against Emily Sperling (Dkt. 74) is GRANTED. All claims asserted against Sperling in the Amended Complaint are DISMISSED without prejudice. The Clerk of Court is respectfully DIRECTED to mail a copy of this order to pro se Plaintiff Michael J. Kneitel.

SO ORDERED.

Dated: Brooklyn, New York
November 14, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge